YESKOO HOGAN & TAMLYN, LLP
A New York Limited Liability Partnership
By:  Richard C. Yeskoo
NJ Attorney ID No. 015431981
139 South Street
New Providence, New Jersey 07974
(908) 464-8300
yeskoo@yeskoolaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| JEFFREY T. PIAMPIANO, AS TRUSTEE FOR THE BANKRUPTCY ESTATE OF MIKHAIL GISSIN and ALEXANDRA GISSIN, Suing individually and derivatively on behalf of INTELLIGENT SECURITY SYSTEMS INTERNATIONAL, INC. and INTELLIGENT SECURITY SYSTEMS HOLDINGS, INC., | : : : : : : : : | Civil Action No. 2:17-cv-10097-MCA-SCM |
| Plaintiffs, | : : | **FIRST AMENDED COMPLAINT** |
| — against — | : : : | **JURY TRIAL DEMANDED** |
| ROMAN JARKOI a/k/a ROMAN JARKOY, BORIS KALK, INTELLIGENT SECURITY SYSTEMS CORPORATION, JOHN DOE INDIVIDUALS NOS 1-10, and JOHN DOE CORPORATIONS NOS. 1-10, | : : : : : : | |
| Defendants. | : : | |
| --- and --- | : : | |
| INTELLIGENT SECURITY SYSTEMS INTERNATIONAL, INC., INTELLIGENT SECURITY SYSTEMS HOLDINGS, INC., | : : : : | |
| Nominal Defendants | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

— 1 —

Plaintiff Jeffrey T. Piampiano, as Chapter 7 Trustee of the Bankruptcy Estate of Mikhail Gissin and Alexandra Gissin, by his undersigned attorneys, for his complaint, alleges as follows:

**The Parties**

1.      Plaintiff Jeffrey T. Piampiano (the "Trustee") is the Chapter 7 Trustee of the Bankruptcy Estate of Mikhail Gissin and Alexandra Gissin.  The Trustee is a resident of the State of Maine and the Bankruptcy Estate is located in the State of Maine.  The Trustee was appointed as successor trustee on January 10, 2018.

2.      Mikhail Gissin is a United States citizen who is a resident of the State of Maine.  He is a software engineer who has worked in the biomedical and computer hardware fields. Alexandra Gissin is a United States citizen and a resident of the State of Maine.  She is married to Mikhail Gissin.  The Gissins filed for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the District of Maine on November 24, 2015.  Their bankruptcy case was reopened on January 5, 2018.

3.      Defendant Roman Jarkoi a/k/a Roman Jarkoy is, upon information and belief, a citizen of the Russian Federation and a resident of Moscow, Russia.  At all times relative to this complaint, Jarkoi was the controlling stockholder of all of the corporate defendants.

4.      Defendant Boris Kalk is, upon information and belief, a resident of the State of California.  Kalk is a stockholder in the corporate defendants and also

served as an officer and director of some of them. As described below, Kalk directly participated in the unlawful transfer of the ISS business to defendant ISS Corp.

5.  Defendant Intelligent Security Systems International, Inc. ("ISS International") was a Delaware corporation whose principal place of business has always been in New Jersey. ISS International was dissolved in 2014.

6.  Intelligent Security Systems Holdings, Inc. (ISS Holdings) was or is a Delaware corporation whose principal place of business has always been in New Jersey. ISS Holdings' good standing was revoked by Delaware in 2010 for failure to file franchise reports and/or pay Delaware taxes.

7.  Defendant Intelligent Security Systems Corporation (ISS Corp.) is a Delaware corporation with its principal place of business at Aspen Corporate Park, 1480 US Highway 9 North, Suite 202, Woodbridge, NJ 07095. Woodbridge, New Jersey.

8.  John Doe Individual Defendants Nos. 1-10 and John Doe Corporate Defendants Nos. 1-10 are persons and corporations presently unknown to Plaintiff who participated with defendants in carrying out the wrongful acts alleged herein. Upon information and belief, none are residents of Maine.

**Jurisdiction**

9.  Roman Jarkoi is subject to personal jurisdiction in the State of New Jersey because: (a) he is an officer, director and controlling stockholder of all of the corporate defendants; (b) he participated in and directed the wrongful acts

complained of herein which took place in the State of New Jersey; and (c) he frequently travelled to New Jersey to participate in the acts complained of herein.

10.     Boris Kalk is subject to personal jurisdiction in the State of New Jersey because: (a) he is an officer, director and controlling stockholder of the corporate defendants; (b) he participated in and directed the wrongful acts complained of herein which took place in the State of New Jersey; and (c) he frequently travelled to New Jersey to participate in the acts complained of herein.

11.     The corporate defendants are subject to personal jurisdiction in the State of New Jersey in that their principal offices are or were located in the State of New Jersey and because the wrongs complained of were committed in the State of New Jersey.

12.     This Court has diversity jurisdiction of the claims in this action under 28 U.S.C. § 1332, in that Plaintiff is a citizen of the State of Maine, defendant Kalk is a resident of the State of California, defendants ISS Corp., ISS International, ISS Holdings, and IVS are citizens of the States of Delaware and New Jersey, and defendant Jarkoi is a citizen of the Russian Federation.  The action is therefore one between citizens of different States in which a citizen or subject of a foreign state is an additional party pursuant to 28 U.S.C. § 1332(a)(3).  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), which provides that United States District Courts shall have jurisdiction over all civil proceedings arising under or related to cases under title 11 of the United States Code.

**Venue**

13.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**Allegations Common to All Claims**

14.    In or about 1999 Mikhail Gissin was approached by defendants Roman Jarkoi and Boris Kalk.  They asked Gissin to invest in the "Intelligent Security Systems" ("ISS") business.  The business utilized image recognition software to assist in the monitoring of security video footage.  Kalk and Jarkoi told Gissin the following.  They were officers of Intelligent Video Systems, Inc., which operated the ISS business in the United States and other countries outside of Russia.  A Jarkoi-controlled company in Russia had developed the security software used by IVS and had licensed it to IVS.  IVS had been created to develop, market and sell services utilizing that technology in the United States and other countries besides Russia. IVS's principal office was always located in New Jersey.

15.    Mikhail Gissin paid $50,000 to Jarkoi in exchange for a 10% common stock interest in the ISS business, which at that time was represented to him to be conducted by Intelligent Video Systems, Inc.  Although Gissin requested that the ownership interest be held by his wife, IVS and its successors often treated Mikhail Gissin as the stockholder and its records at times refer to him as the stockholder.

16.    At the time that Gissin made his investment there were less than 10 stockholders in IVS and the company was administered informally.  IVS did not

issue the Gissins a share certificate.  IVS never sent the Gissins notices of stockholder meetings, financial reports, or any other documents required by Delaware law.  On information and belief, no stock certificates were ever issued and no formal stock ledger was maintained.  IVS never made the franchise tax filings required by Delaware law.  No directors were formally appointed for IVS.  To the extent that any individuals were named as directors in any document, such individuals were not duly appointed, did not hold formal directors meetings, and did not otherwise carry out the responsibilities of the directors of a corporation.  Jarkoi was the controlling stockholder of IVS and was able to dominate and direct all corporate actions.

17.    In or about 2004 IVS, through its attorneys, told Gissin that it was reorganizing and was creating two new companies, ISS Holdings and ISS International, to own and operate its business.  IVS told Gissin that he and/or his wife would be a stockholder in both companies, and further indicated that since additional stockholders were investing in ISS Holdings and ISS International, Gissin's common stock ownership interest would now be 5.24 % for ISS Holdings and 7.63% for ISS International.

18.    In or about 2005 ISS Holdings issued a share certificate to Alexandra Gissin for 50 shares.  A copy is annexed hereto as Exhibit 1.  ISS International also issued a share certificate to Alexandra Gissin, but despite a diligent search, the Gissins have been unable to find it.  On December 3, 2005 all of the stockholders of both ISS Holdings and ISS International, including Mikhail Gissin, Roman Jarkoi

and Boris Kalk, signed a term sheet for a stockholders' agreement for the two companies.  A copy is annexed hereto as Exhibit 2.  The stockholders' agreement was never completed.

19.    ISS Holdings and ISS International were also operated informally in violation of Delaware law.  ISS Holdings and ISS International never sent the Gissins notices of stockholder meetings, financial reports, or any other documents required by Delaware law to be distributed to stockholders.  Upon information and belief, no formal stock ledger was maintained by either ISS Holdings or ISS International.  ISS Holdings and ISS International were frequently delinquent in their Delaware franchise tax filings and reports.  No directors were formally appointed for ISS Holdings except for a period between 2007 and 2008, when Boris Kalk was the director.  No directors were formally appointed for ISS International until Boris Kalk was named as its director in 2014, shortly before ISS filed for dissolution.  To the extent that any individuals were named as directors in any document, such individuals were not duly appointed, did not hold formal directors meetings or otherwise carry out the responsibilities of the directors of a corporation.  ISS Holdings and ISS International did not send the Gissins any annual reports or any other documents required by Delaware law.  Jarkoi was the controlling stockholder of ISS Holdings and ISS International and was able to dominate and direct all corporate actions.  Kalk assisted him as an officer of both ISS Holdings and ISS International.

20.     The stockholders of ISS Holdings and ISS International had agreed that the strategy for the ISS business would be to reinvest all profits in the growth of the business for eventual sale.  Accordingly, the Gissins did not receive, and did not expect to receive, dividends.

21.     At least since 2005 the ISS security business has been conducted under the name "Intelligent Security Systems".  Defendants' website located at isscctv.com and its brochures refer to the business as "Intelligent Security Systems" without identifying the corporate entity that owns or operates the business.

22.     The ISS business has been successful.  The ISS website states that the ISS business now operates in 53 countries with 120,000 installations and counts IBM, Bosch, and Scansource as its clients.

23.     In or about April, 2017, Mikhail Gissin learned that the ISS business was for sale for $40,000,000.  Gissin hired counsel in July, 2017 to ensure that he was paid for his share of the business.

24.     Counsel's investigation revealed the following.  The Delaware Secretary of State's records show that on July 9, 2009 ISS Holdings' lawyer incorporated a Delaware corporation named "International Security Systems Corp.", registered ISS Corp. to do business in New Jersey on July 30, 2009, and registered ISS Corp.'s address at the same address in New Jersey as ISS Holdings and ISS International.

25.     The Delaware Secretary of State's records further report that ISS Holdings had no directors in 2007, and that Boris Kalk served as the sole director of

ISS Holdings in 2008 and 2009.  Boris Kalk was an officer of ISS Holdings in 2007,

2008 and 2009.  The corporate status of ISS Holdings was suspended in 2010 for

failure to file a Delaware franchise tax report and/or failure to pay taxes.  The

corporate status of ISS Holdings has never been reinstated.

26.    The Delaware Secretary of State's records report that ISS

International had no directors in 2008, 2009 and 2010 and that Boris Kalk was its

officer.

27.    The Delaware Secretary of State's records further report that ISS

International filed a certificate of dissolution on July 26, 2014.  The certificate of

dissolution was signed by defendant Boris Kalk, who was identified as the President

and Director of the company.  Kalk falsely certified that the dissolution had been

approved by the stockholders of ISS International.

28.    At no time did ISS International ever send plaintiffs the notice of

stockholders' meeting or unanimous consent form required under Delaware

Corporation Law § 275 to approve the dissolution of the company, or any other

notice with respect to the dissolution of ISS International.

29.    On information and belief, defendants did not follow any of the

procedures provided for under Delaware law for notice to creditors or make any

provision for future creditors or claimants in connection with the dissolution of ISS

International.

30.    On information and belief, Jarkoi, Kalk and the other John Doe

defendants acting in concert with them caused ISS International to file for

dissolution as part of their scheme to destroy plaintiffs' ownership interests in ISS International, ISS Holdings and the ISS business, and to increase the share of the proceeds they would receive in the event of a sale of the ISS business.

31.     Upon information and belief, Jarkoi, Kalk and the other John Doe defendants acting in concert with them caused the business and assets of the ISS business, including all of the business and assets of ISS Holdings and ISS International, to be secretly transferred to ISS Corp. in or about 2009 with no or inadequate consideration and in complete derogation of the rights of one or more minority stockholders in Holdings and International, specifically including plaintiffs.

32.     At no time did Holdings or International provide plaintiffs notice of the stockholders' meeting required by Delaware Corporation Law § 271 to approve any bulk sale or transfer of corporate assets.  Nor did they provide any financial statements or reports that would have identified such a transfer.

33.     On information and belief, ISS Corp. is now the company that owns and operates the ISS business, together with affiliated companies, unknown to plaintiffs, which are owned or controlled by ISS Corp., or Jarkoi, or by both of them. Jarkoi, Kalk and the other John Doe defendants were self-interested participants in the transfer of assets from ISS Holdings and ISS International to ISS Corp., due to their status as one or both of controlling stockholder and officer, as well as to their expectation of personal profit from actions which, if not challenged, could destroy plaintiffs' ownership interest in those companies and in the ISS business and thus

increase the amount that defendants would personally realize in the event of a sale of the ISS video security business.

34.    Since the transfer of assets from ISS Holdings and ISS International to ISS Corp. were self-interested transactions, under Delaware law the transactions do not satisfy the standard of having been fair to minority stockholders, which comprises two parts, fair dealing and fair price.

35.    The transfer of assets from ISS Holdings and ISS International to ISS Corp. do not satisfy the fair dealing test because they were conducted in secret, in violation of notice requirements imposed under Delaware law, with no notice whatsoever to plaintiffs as minority stockholders, and for the purpose of attempting to destroy completely and with no compensation the Gissins' rights as stockholders and partial owners of the ISS video security business.

36.    The transfer of assets from ISS Holdings and ISS International to ISS Corp. do not satisfy the fair price test because plaintiffs were not offered and did not receive any consideration whatsoever for the attempted complete destruction of the Gissins' rights as stockholders and partial owners of the ISS business.

37.    Jarkoi, Kalk and the other John Doe defendants acting in concert with them accordingly breached their fiduciary duties to both minority stockholders and ISS Holdings and ISS International in the context of a self-interested transaction, including the duty of loyalty, the duty of good faith, and the duty of care.  They acted to destroy the Gissins' rights as stockholders and partial owners of the ISS business by transferring the assets of ISS Holdings and ISS International to ISS

Corp. without following Delaware law and for inadequate or no consideration. They further concealed the transactions from plaintiffs.

38.     The Gissins did not have notice of the wrongful acts complained of herein prior to July, 2017, and the Trustee did not have notice of the wrongful acts complained of herein until he was appointed as successor Trustee in January 2018.

39.     The injury resulting from misconduct alleged herein was suffered directly by the Gissins as minority stockholders, independent of any harm to ISS Holdings and ISS International.

40.     The Trustee, as successor to the Gissins, has suffered pecuniary loss as a result of the misconduct alleged herein, in an amount to be proved at trial.

ALLEGATIONS RELATING TO DERIVATIVE ACTION

41.     To the extent that the damage caused by any claim was suffered by the ISS Holdings and/or by ISS International rather than by the Gissins as minority stockholders, plaintiffs bring such claims derivatively in the right and for the benefit of ISS Holdings and ISS International.

42.     This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

43.     Plaintiff will adequately and fairly represent the interests of ISS Holdings and ISS International.

44.     Upon information and belief, demand is excused because ISS Holdings and ISS International have never had legally constituted boards of directors elected by the stockholders, because the only alleged director of ISS Holdings and ISS

International listed in the records filed with Delaware is Boris Kalk, who, as alleged herein, directly participated in the wrongs complained of, and because both companies were and are under the domination and control of Jarkoi, who is a self-interested party in the conduct and transactions alleged herein.  Jarkoi and Kalk face a substantial likelihood of liability from the claims alleged herein and are not disinterested and independent.  Jarkoi directed, was aware of, participated in, and approved the wrongs alleged herein.  Kalk was aware of, participated in, and approved the wrongs alleged herein.  Thus they have knowingly chosen not to exercise the fiduciary duties of loyalty, good faith, and care owed to ISS Holdings and ISS International.  Jarkoi and Kalk are therefore incapable of impartially responding to a demand.

45.     To the extent that any other person claims to be a director of either ISS Holdings or ISS International, such person was never legally elected to the board of directors by the stockholders and is under the domination and control of Roman Jarkoi and is incapable of impartially responding to a demand.

### FIRST CAUSE OF ACTION
(Against Roman Jarkoi, Boris Kalk and John Doe Defendants
For Breach Of Fiduciary Duties To Minority Stockholders)

46.     Plaintiff repeats paragraphs 1 through 45.

47.     Upon information and belief, the actions of Jarkoi, Kalk and one or more John Doe defendants presently unknown to Plaintiff violated their fiduciary duties to the Gissins by, among other things: (1) setting up a new corporation, ISS Corp., with themselves as stockholders but excluding plaintiffs; (2) transferring the

assets of ISS International and ISS Holdings to ISS Corp without corporate authorization and for inadequate consideration; and (3) leaving the Gissins stockholders in empty shell corporations which were then abandoned or dissolved without following Delaware law.

48.     Plaintiff has been damaged by at least $2,000,000 as a result of the breach of fiduciary duty alleged herein, in an amount to be proved at trial.

49.     This loss was suffered directly by the Trustee, as successor to the Gissins in their capacity as minority stockholders, independent of any harm to ISS Holdings and ISS International.

SECOND CAUSE OF ACTION
(Against Roman Jarkoi, Boris Kalk and John Doe
Defendants for Waste of Corporate Assets)

50.     Plaintiff repeats paragraphs 1 through 49.

51.     Upon information and belief, Jarkoi, Kalk and one or more John Doe defendants presently unknown to Plaintiff transferred the assets of ISS International and ISS Holdings assets to ISS Corp. without proper corporate authorization and for no consideration.  Such a transfer was so one sided that no business person of ordinary, sound judgment could conclude that the ISS International and ISS Holdings received adequate consideration.

52.     Plaintiff has been damaged by at least $2,000,000 as a result of the misconduct alleged herein, in an amount to be proved at trial.

53.     This loss was suffered directly by the Trustee, as successor to the Gissins in their capacity as minority stockholders, independent of any harm to ISS Holdings and ISS International.

THIRD CAUSE OF ACTION
(Against Roman Jarkoi, Boris Kalk, ISS Corp. and
John Doe Defendants For Unjust Enrichment)

54.     Plaintiff repeats paragraphs 1 through 53.

55.     Upon information and belief, defendants Jarkoi, Kalk, ISS Corp. and one or more John Doe defendants presently unknown to plaintiff have been unjustly enriched at Plaintiff's expense in that the Gissins' ownership interest in the ISS business has been transferred to defendants without any compensation to the Gissins and without any justification.  Therefore, to the extent Plaintiff lacks any other legal remedy, he is entitled to recover the value of the Gissins' stolen ownership interest in the ISS business from defendants.

56.     Plaintiff has been damaged by at least $2,000,000 as a result of the misconduct alleged herein, in an amount to be proved at trial.

57.     This loss was suffered directly by the Trustee, as successor to the Gissins in their capacity as minority stockholders, independent of any harm to ISS Holdings and ISS International.

FOURTH CAUSE OF ACTION
(Against ISS Corp. and John Doe Defendants For
Aiding and Abetting Breach of Fiduciary Duties)

58.     Plaintiff repeats paragraphs 1 through 57.

59.    Upon information and belief, ISS Corp. was under the control of Jarkoi and Kalk when ISS Holdings and ISS International transferred the ISS business to it with inadequate or no consideration and without corporate authority.  ISS Corp. and one or more John Doe defendants knew of the scheme to deprive the Gissins and possibly other minority stockholders in ISS Holdings and ISS International of their ownership interest in the ISS business, and they offered substantial assistance in carrying out the scheme.  This substantial assistance included, but was not limited to, operating the business transferred to it without identifying to the public or the Gissins who was operating the business or that the business had been transferred, failing to recognize the Gissins as stockholders of ISS Corp., and failing to send them any notices or other documents required by law.

60.    Plaintiff has been damaged by at least $2,000,000 as a result of the misconduct alleged herein.

61.    This loss was suffered directly by the Trustee, as successor to the Gissins in their capacity as minority stockholders, independent of any harm to ISS Holdings and ISS International.

FIFTH CAUSE OF ACTION
(Against Roman Jarkoi, Boris Kalk,ISS Corp.
and John Doe Defendants For Civil Conspiracy)

62.    Plaintiff repeats paragraphs 1 through 61.

63.    Upon information and belief, defendants Jarkoi, Kalk, ISS Corp. and one or more John Doe defendants entered into an agreement to deprive the Gissins and possibly other minority stockholders of ISS Holdings and ISS International of

their ownership interest in the ISS business. They accomplished this objective by transferring the assets of Holdings and International to ISS Corp, and receiving such assets, in violation of the legal requirements for such a transfer imposed by Delaware law, and without providing fair consideration.

64.    Plaintiff has been damaged by at least $2,000,000 as a result of the misconduct alleged herein, in an amount to be proved at trial.

65.    This loss was suffered directly by the Trustee, as successor to the Gissins in their capacity as minority stockholders, independent of any harm to ISS Holdings and ISS International.

SIXTH CAUSE OF ACTION
(Derivative Action on Behalf of ISS Holdings And ISS
International Against Defendants Roman Jarkoi, Boris Kalk
and John Doe Defendants for Breach of Fiduciary Duties)

66.    Plaintiff repeats paragraphs 1 through 65.

67.    Upon information and belief, Jarkoi, Kalk and one or more John Doe defendants violated their fiduciary duties to ISS Holdings and ISS International by, among other things: (1) transferring the assets of ISS International and ISS Holdings to ISS Corp. without corporate authorization and for inadequate consideration; and (2) leaving ISS Holdings and ISS International empty shell corporations which were then abandoned or dissolved without following Delaware law.

68.    ISS Holdings and ISS International have been damaged by at least $10,000,000 as a result of the misconduct alleged herein.

SEVENTH CAUSE OF ACTION

(Derivative Action on Behalf of ISS Holdings And ISS International Against Roman
Jarkoi, Boris Kalk and John Doe Defendants for Waste of Corporate Assets)

69.     Plaintiff repeats paragraphs 1 through 69.

70.     Upon information and belief, Jarkoi, Kalk and one or more John Doe

defendants transferred the assets of ISS International and ISS Holdings to ISS

Corp. without proper corporate authorization and for no consideration.  Such a

transfer was so one sided that no business person of ordinary, sound judgment could

conclude that the ISS International and ISS Holdings received adequate

consideration.

71.     ISS Holdings and ISS International have been damaged by at least

$10,000,000 as a result of the misconduct alleged herein.

EIGHTH CAUSE OF ACTION
(Derivative Action on Behalf of ISS Holdings And ISS
International Against Against ISS Corp. and John Doe Defendants
For Aiding and Abetting Breach of Fiduciary Duties

72.     Plaintiff repeats paragraphs 1 through 72.

73.     Upon information and belief, ISS Corp. was under the control of Jarkoi

and Kalk when ISS Holdings and ISS International transferred the ISS business to

it with inadequate or no consideration and without corporate authority.  ISS Corp.

and one or more of the John Doe defendants knew of the scheme to deprive the

Gissins, and possibly other minority stockholders, in ISS Holdings and ISS

International of their ownership interest in the ISS business, and it offered

substantial assistance in carrying out the scheme.  This substantial assistance

included, but was not limited to, operating the business transferred to it without

identifying to the public or the Gissins who was operating the business or that the business had been transferred, failing to recognize the Gissins as stockholders of ISS Corp., and failing to send them any notices or other documents required by law.

74.    ISS Holdings and ISS International have been damaged by at least $10,000,000 as a result of the misconduct alleged herein.

## NINTH CAUSE OF ACTION
(Derivative Action on Behalf of ISS Holdings And ISS International
Against Roman Jarkoi, Boris Kalk, ISS Corp. and
John Doe Defendants For Unjust Enrichment)

75.    Plaintiff repeats paragraphs 1 through 74.

76.    Upon information and belief, defendants Jarkoi, Kalk, ISS Corp. and one or more John Doe defendants have been unjustly enriched at Plaintiff's expense in that the Gissins' ownership interest in the ISS business has been transferred to defendants without any compensation to Plaintiff and without any justification. Therefore, to the extent Plaintiff lacks any other legal remedy, he is entitled to recover the value of the Gissins' stolen ownership interest in the ISS business from defendants.

77.    ISS Holdings and ISS International have been damaged by at least $10,000,000 as a result of the misconduct alleged herein.

## TENTH CAUSE OF ACTION
(Derivative Action on Behalf of ISS Holdings and ISS International
Against Roman Jarkoi, Boris Kalk, ISS Corp. and
John Doe Defendants For Civil Conspiracy)

78.    Plaintiff repeats paragraphs 1 through 77.

79.    Upon information and belief, defendants Jarkoi, Kalk, ISS Corp. and one or more John Doe defendants entered into an agreement to deprive the Gissins, and possibly other minority stockholders of ISS Holdings and ISS International, of their ownership interest in the ISS business. They accomplished this objective by transferring the assets of ISS Holdings and ISS International to ISS Corp, in violation of the legal requirements for such a transfer imposed by Delaware law, and without providing fair consideration.

80.    ISS Holdings and ISS International have been damaged by at least $10,000,000 as a result of the misconduct alleged herein.


ELEVENTH CAUSE OF ACTION
(Against ISS Corp. For Declaratory Relief)

81.    Plaintiff repeats paragraphs 1 through 80.

82.    As an alternative to some or all of his monetary damages, Plaintiff is entitled to equitable remedy of being declared stockholder of defendant ISS Corp.

83.    An actual controversy exists between Plaintiff and Defendant ISS Corp. concerning his equitable right to be declared a stockholder of ISS Corp.

84.    Plaintiff accordingly seeks a declaration of his status and right as a stockholder of ISS Corp., as well as his legal and equitable right to share in the proceeds of any sale of ISS Corp. or its assets.

TWELVTH CAUSE OF ACTION
(Individual and Derivative Action Against ISS Corp. for Rescission)

85.    Plaintiff repeats paragraphs 1 through 84.

86.     Upon information and belief, defendant ISS Corp. knew that the transfer of assets to it from ISS Holdings and ISS International was made without proper corporate authority and without adequate consideration in violation of the rights of the minority shareholders of ISS Holdings and ISS International.  It nevertheless accepted such transfer and acted to hide such transfer by failing to identify itself as the owner and operator of the ISS business.

87.     ISS Holdings and ISS International are therefore entitled to rescind the transaction.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a)     Awarding him damages against defendants Jarkoi, Kalb, ISS Corp. and the John Doe defendants of at least $2,000,000;

(b)     Awarding ISS Holdings and ISS International damages against defendants Jarkoi, Kalb, ISS Corp. and the John Doe defendants of at least $10,000,000; or in the alternative, ordering a rescission of the transfer of the ISS business to ISS Corp. and the transfer of the entire ISS business to ISS Holdings and ISS International, and/or the appointment of a receiver over the assets of ISS Corp.;

(c)     Declaring that he, as the Trustee of the Bankruptcy Estate of Mikhail Gissin and Alexandra Gissin, is a stockholder of ISS Corp. and fixing the amount of his common stock interest;

(d)     Awarding Plaintiff reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees; and

(e)     Awarding such other, further, and different relief as the Court may

deem just and proper.

JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action so

triable.

Dated: New Providence, New Jersey
        January 18, 2018

                                  YESKOO HOGAN & TAMLYN, LLP
                                  Attorneys for Plaintiff

                                  By:  s/_____
                                        Richard C. Yeskoo

# EXHIBIT 1